RECEIVED

07/14/2016

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
BY _____DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

PPG INDUSTRIES, INC., a Pennsylvania
corporation,

            Plaintiff,

    v.

JIANGSU TIE MAO GLASS CO., LTD.,
a Chinese company; BENHUA WU, an
individual; and MEI ZHANG, an individual,

            Defendants.

Civil Action No. 16-mc-116-JLR

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR:
AUGUST 5, 2016**

RECEIPT#
SEA79086

## PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO PRODUCE RESPONSIVE DOCUMENTS PURSUANT TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1

**TABLE OF CONTENTS**

2

**Page**

3

4   PRELIMINARY STATEMENT...................................................................................................1

5   STATEMENT OF FACTS......................................................................................................2

6   I.      DEFENDANTS AND MR. RUKAVINA WRONGFULLY ACQUIRED AND
            USED PPG'S CONFIDENTIAL AND PROPRIETARY TECHNOLOGIES.....................2

7

8   II.     MR. RUKAVINA'S BROTHER, AS THE OWNER OF MR. RUKAVINA'S
            DIGITAL ASSETS AND AS THE EXECUTOR OF MR. RUKAVINA'S
            ESTATE,    PROVIDED   LAWFUL    WRITTEN    CONSENT   TO   THE

9           PRODUCTION OF ANY AND ALL MATERIALS SOUGHT BY THE
            SUBPOENA, AND WAIVED OF ANY AND ALL OBJECTIONS TO

10          MICROSOFT'S PRODUCTION OF THE SAME.......................................................4

11  III.    THE SUBPOENA SEEKS TO IDENTIFY THE SCOPE OF MR. RUKAVINA'S
            ACQUISITION   AND   WRONGFUL   DISCLOSURES   OF   PPG'S

12          CONFIDENTIAL AND PROPRIETARY TECHNOLOGIES ...............................................5

13  IV.     MICROSOFT REFUSES TO COMPLY WITH THE SUBPOENA..................................6

14  ARGUMENT ........................................................................................................................6

15  I.      THE RUKAVINA CONSENT IS "LAWFUL CONSENT" UNDER THE ECPA .............7

16          A.      Microsoft Must Produce the Requested Documents When Presented With a
                    Lawful Consent .....................................................................................................7

17
            B.      The Rukavina Consent is Lawful ................................................................7
18

19  II.     MR. RUKAVINA IS "THE ORIGINATOR OR AN ADDRESSEE OR
            INTENDED RECIPIENT" OF THE COMMUNICATIONS REQUESTED BY

20          THE SUBPOENA ....................................................................................................9

21  III.    MICROSOFT MUST COMPLY WITH THE SUBPOENA...............................................10

22  CONCLUSION .......................................................................................................................11

23

24

25

26

27

28

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000

1
2

## TABLE OF AUTHORITIES

3

**Page(s)**

Cases

4
5
Al Noaimi v. Zaid,
    2012 WL 4758048 (D. Kan. Oct. 5, 2012)...................................................................11

6
Babai v. Allstate Ins. Co.,
    2015 WL 1880441 (W.D. Wash. Apr. 24, 2015) ..............................................................8

7
8
BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp.,
    229 F.3d 254 (3d Cir. 2000) ...........................................................................................7

9
Campbell Soup Co. v. ConAgra, Inc.,
    977 F.2d 86 (3d Cir. 1992) .............................................................................................7

10
11
In re Air Crash Near Clarence Ctr., New York, on Feb. 12, 2009,
    2011 WL 6370189 (W.D.N.Y. Dec. 20, 2011) ................................................................9

12
In re Domestic Drywall Antitrust Litig.,
    300 F.R.D. 234 (E.D. Pa. 2014) .....................................................................................8

13
14
In re Ellsworth,
    No 2005-296 (Mich. Prob. Ct. 2005) .............................................................................12

15
In re Facebook, Inc.,
    923 F. Supp. 2d 1204 (N.D. Cal. 2012) ..........................................................................9

16
17
In re Mackay's Estate,
    25 Pa. D. & C. 544 (Orph. 1936) .................................................................................10

18
Negro v. Superior Court,
    230 Cal. App. 4th 879 (2014)........................................................................................12

19
20
Sheridan Broad. Networks, Inc. v. NBN Broad., Inc.,
    693 A.2d 989 (Pa. Super. Ct. 1997) ................................................................................7

21
Thayer v. Chiczewski,
    2009 WL 2957317 (N.D. Ill. Sept. 11, 2009)............................................................9, 12

22
Statutes

23
18 U.S.C. § 1832 ......................................................................................................................1, 5

24
18 U.S.C. § 2510 ...........................................................................................................................2

25
18 U.S.C. § 2702 ...................................................................................................................passim

26
18 U.S.C. § 2711 ...........................................................................................................................2

27
20 Pa. Stat. and Cons. Stat. Ann. § 301 ......................................................................................10

28

-ii-

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1   20 Pa. Stat. and Cons. Stat. Ann. § 3311 ........................................................................... 10

2   20 Pa. Stat. and Cons. Stat. Ann. § 3332 ........................................................................... 10

3   Fed. R. Civ. P. 45 .............................................................................................................. 8

4   <u>Other Authorities</u>

5   Jt. St. Govt. Comm. Comment (1949) ................................................................................ 10

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-iii-

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1    Plaintiff PPG Industries, Inc. ("PPG"), by and through its undersigned counsel and

2    pursuant to Fed. R. Civ. P. 45, respectfully requests that this Court enter an order compelling

3    Microsoft to comply with an October 21, 2015 Subpoena to Produce Documents, Information, or

4    Objects which seeks the production of email communications received and/or sent to former PPG

5    employee Thomas Rukavina (now deceased) between January 1, 2012 through the present.

6                                    **PRELIMINARY STATEMENT**

7    In May 2015, the United States arrested and charged former PPG employee Thomas

8    Rukavina with theft of trade secrets, pursuant to 18 U.S.C. § 1832, for his purported involvement

9    in the unlawful acquisition and misappropriation of PPG's confidential and proprietary

10   technologies.   After his detention hearing later that month, Mr. Rukavina died.

11   On July 24, 2015, PPG sued Defendants in the Western District of Pennsylvania for,

12   among other things, the unlawful theft, disclosure, and use of PPG's trade secrets by Defendants

13   and Mr. Rukavina.   On September 22, 2015, PPG moved for an order from Judge Mark R.

14   Hornak permitting limited and specific pre-answer discovery by serving document subpoenas

15   upon the FBI and 13 other non-parties to ascertain the nature and scope of Mr. Rukavina's

16   wrongful access and retention of PPG's trade secrets, his disclosure of and trafficking in PPG's

17   trade secrets, and the identities of parties to whom Mr. Rukavina may have wrongfully disclosed

18   PPG's trade secrets.

19   In support of that motion, PPG submitted an affidavit of Mr. Rukavina's brother, owner of

20   Mr. Rukavina's digital assets and executor of Mr. Rukavina's Estate, which provided lawful

21   written consent, pursuant to 18 U.S.C. § 2702(b)(3), to the production of any and all materials

22   sought by the Subpoena, and waived of any and all objections, including privacy and privilege

23   objections, that could be asserted against any non-parties' production of the same.   A copy of that

24   consent is attached to this brief.   After having an opportunity to review the subpoenas and after

25   conducting a hearing on PPG's motion, on October 19, 2015, the court entered an order granting

26   PPG's motion and permitting PPG to serve the requested subpoenas upon the non-parties,

27   including Microsoft.

28

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1      On October 21, 2015, Plaintiffs served Microsoft a Subpoena to Produce Documents,

2  Information, or Objects ("Subpoena") seeking email communications received and/or sent to

3  Mr. Rukavina's email address at thomasrukavina187@msn.com, between January 1, 2012 through

4  the present.   Microsoft has produced no documents responsive to the Subpoena.   Microsoft

5  objects to the Subpoena, asserting that the Electronic Communications Privacy Act ("ECPA"), 18

6  U.S.C. § 2510 to 2711, prohibits it from voluntarily disclosing the information.   The ECPA

7  generally prohibits the voluntarily disclosure of electronic communications, but the statute has

8  exceptions.   The ECPA permits the production of requested communications "with the lawful

9  consent of the originator or an addressee or intended recipient of such communication, or the

10  subscriber in the case of remote computing service."   *See* 18 U.S.C. § 2702(b)(3).

11      There is no dispute that Mr. Rukavina is the originator, addressee or subscriber of the

12  communications at thomasrukavina187@msn.com.   Microsoft, however, refuses to acknowledge

13  that the attached consent is lawful.   It is.   Thus, PPG respectfully requests that the Court grant

14  PPG's motion, overrule Microsoft's objections and compel Microsoft to comply with the

15  Subpoena.

16                          **STATEMENT OF FACTS**

17  **I.      Defendants and Mr. Rukavina wrongfully acquired and used PPG's confidential and
            proprietary technologies**
18

19      PPG Industries, Inc. ("PPG") is a Pittsburgh-based company that supplies coatings,

20  specialty materials, glass and fiberglass products to customers throughout the world.   *See*

21  Declaration of Jon Corey ("Corey Dec."), Ex. A ¶ 1.   One of PPG's lines of business develops,

22  manufactures and sells bullet-resistant transparent armor used for automotive and locomotive

23  windshields, windscreens, and civil and military aviation applications.   *Id.*   Defendant Jiangsu

24  Tie Mao Glass Co., Ltd. ("Tie Mao Glass")—a China-based manufacturer of bulletproof and

25  transparent armor used for automotive and locomotive windshields, windscreens, sea vessels and

26  military—is a competitor of PPG.   *Id.* ¶ 2.

27

28
PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO       QUINN EMANUEL URQUHART & SULLIVAN LLP
PRODUCE RESPONSIVE DOCUMENTS PURSUANT                     600 University Street, Suite 2800
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA                    Seattle, Washington  98112
(Case No.)                                                      TEL (206) 904-7000

1    Beginning as early as 2013, Tie Mao Glass, Tie Mao Glass Chairman and CEO Benhua
2    Wu, and Tie Mao Glass Engineer and Purchasing Agent Mei Zhang (collectively "Defendants"),
3    along with former PPG employee Thomas Rukavina conspired and agreed to engage in a scheme
4    to wrongfully obtain and exploit PPG's confidential and proprietary information, and to use PPG's
5    research and development technologies and trade secrets to manufacture products in China that
6    compete directly with PPG products throughout the world.   *See* Corey Dec., Ex. A ¶¶ 23-42; *see*
7    *also* Corey Dec., Ex. B.   In early 2013, Mr. Rukavina and former PPG employee Yabei Gu
8    traveled to China and met with Tie Mao Glass Chairman and CEO Mr. Wu to discuss the sale and
9    trafficking of PPG technologies to Defendants.   *See* Corey Dec, Exs. C though E.   In May 2014,
10   Mr. Wu traveled from China to Detroit, Michigan and met with Mr. Rukavina to further their
11   conspiracy.   *See* Corey Dec., Ex. F.

12   Defendants and Mr. Rukavina regularly used email to facilitate their unlawful activity.
13   For example, on or around June 19, 2014, Mr. Rukavina sent Defendants by email a PPG
14   proprietary report that detailed the process to manufacture windows to be used in certain aircrafts.
15   *See* Corey Dec., Ex. B., ¶ 16.   To PPG's knowledge, no other company in the industry has the
16   technology outlined in the proprietary report Mr. Rukavina sent to Defendants.   *Id.* ¶ 19. On June
17   21, 2014, Mr. Rukavina sent another email to Defendants summarizing "everything [he] can
18   deliver to [Tie Mao Glass]," including some technologies that were outside Mr. Rukavina's
19   expertise and beyond his former access authority at PPG.   *Id.* ¶¶ 20-21.

20   In February 2015, PPG learned that Defendants and Mr. Rukavina sent an email to a PPG
21   sub-contractor.   *See* Corey Dec., Ex. A, ¶¶ 31-36.   Their emails used PPG's proprietary
22   drawings to solicit the sub-contractor to manufacture "the same molds" that were used for PPG
23   projects that developed high speed transportation windows.   *Id.*   Rather than fulfilling the order,
24   the sub-contractor notified PPG, and PPG alerted the FBI of a potential theft of its confidential and
25   proprietary information.   *Id.*

26   Subsequently, the FBI obtained and executed a search warrant at Mr. Rukavina's home.
27   *See* Corey Dec., Ex. B.   The search yielded, among other things, additional emails detailing
28

-3-

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

Defendants' and Mr. Rukavina's use and misappropriation of PPG's trade secrets, and hard-copy documents comprised of PPG's confidential and proprietary information including, among other things: descriptions and development plans for new products; project progress reports; experiment descriptions and results; and product qualification test results.   *See* Corey Dec., Ex. A, ¶ 43.

The FBI also seized Mr. Rukavina's digital media storage devices from his residence. *See* Corey Dec. Ex. A, ¶ 8.   Among other things, including digital copies of PPG's confidential and proprietary information, the media storage devices also contained emails that were both authored and received by Mr. Rukavina at his email account, thomasrukavina187@msn.com. *See id.*, Ex. C through E.   Some of the messages expressly detailed Mr. Rukavina's plans to sell "10 years of [PPG's] R&D" to Defendants, particularly in response to Defendants' representation that they "buy[] international technology to shorten time to manufacturing."   *See id*., Ex. E. Other messages identified the dates of Mr. Rukavina's international travel plans to and from Defendants' facilities in China, as well as Defendants' travel plans from China to the United States.   *See id*, Exs. C and F.

On May 8, 2015, the United States arrested and charged Mr. Rukavina with criminal theft of trade secrets pursuant to 18 U.S.C. § 1832.   *See* Corey Dec., Ex. A, ¶ 44.   After Mr. Rukavina's detention hearing on May 26, 2015, he was released from custody on bond and placed under house arrest.   *Id.*   Mr. Rukavina committed suicide and died on or about June 5, 2015. *Id.*

II. **Mr. Rukavina's brother, as the owner of Mr. Rukavina's digital assets and as the executor of Mr. Rukavina's Estate, provided lawful written consent to the production of any and all materials sought by the Subpoena, and waived of any and all objections to Microsoft's production of the same**

On July 24, 2015, PPG initiated this lawsuit against Defendants.   *See* Corey Dec., Ex. A and B.   Rather than subjecting Mr. Rukavina's estate to the emotional and monetary costs of being a party to this lawsuit, PPG released Mr. Rukavina's estate in exchange for the execution of a consent and waiver ("Rukavina Consent").   *See* Corey Dec., Ex. G ¶ 5.   The Rukavina Consent, in the form of an affidavit, included lawful consent to the production of any and all

-4-

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO PRODUCE RESPONSIVE DOCUMENTS PURSUANT TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA (Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1  materials sought by the Subpoena.   The Rukavina Consent also waived, pursuant to the ECPA

2  exception 18 U.S.C. § 2702(b)(3) and any equivalent federal or state statute or regulation, any and

3  all objections, including privacy and privilege objections, that could be asserted against

4  Microsoft's production of the communications requested.   *Id.*

5      Mr. Rukavina's brother, Robert Rukavina, is the owner of Mr. Rukavina's digital assets

6  and executor of Mr. Rukavina's Estate.   Accordingly, Robert Rukavina was authorized to enter

7  into this consent.   Indeed, before his death and in his Last Will and Testament, Mr. Rukavina

8  provided that his brother be given "all of my tangible personal property of every kind and

9  description."   *See* Corey Dec., Ex. H, ¶ 3.01.   To ensure that all assets were included and

10 bequeathed to his brother, including digital assets, Mr. Rukavina also provided that "[a]ll of the

11 rest, residual and remainder of the property that I own at the time of my death, both real and

12 personal, *and of every kind and description*, I give outright and absolutely to my brother, Robert

13 A. Rukavina."   *Id.* ¶ 4.01 (emphasis added).

14 **III.   The Subpoena seeks to identify the scope of Mr. Rukavina's acquisition and wrongful
        disclosures of PPG's confidential and proprietary technologies**
15

16     On September 22, 2015, PPG moved Judge Hornak for an order permitting it to conduct

17 limited and specific pre-answer discovery by serving document subpoenas upon the FBI,

18 Microsoft, and 13 other non-parties—*i.e.*, Mr. Rukavina's other email and cloud storage providers,

19 banks, and other companies and persons with whom Mr. Rukavina worked after he left PPG.   *See*

20 Corey Dec., Ex. I.   The subpoenas are meant to ascertain, among other things: the nature and

21 scope of Mr. Rukavina's wrongful access and retention of PPG's trade secrets; his disclosure of

22 and trafficking in PPG's trade secrets; and the identities of parties to whom Mr. Rukavina may

23 have wrongfully disclosed PPG's trade secrets.   *Id.*   With its motion, PPG filed a copy of all of

24 the proposed subpoenas (including the Subpoena) and the Rukavina Consent.   *Id.*   On October

25 19, 2015, after a hearing on PPG's motion, the Court entered an order granting PPG's motion and

26 permitting PPG to serve the requested subpoenas.   *See* Corey Dec., Ex. J.

27

28

-5-
PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

IV.     **Microsoft refuses to comply with the Subpoena**

Microsoft was served with the Subpoena and the Rukavina Consent on October 21, 2015. *See* Corey Dec., Ex. K.    The Subpoena requests that Microsoft produce, among other things, all communications received or sent, between January 1, 2012 through the present, to Mr. Rukavina's email account at thomasrukavina187@msn.com ("Rukavina Email Account").    *Id.*    Rather than producing any responsive documents pursuant to the Subpoena, however, Microsoft asserted its boilerplate objections to the Subpoena claiming that the ECPA prohibits it from complying with the Subpoena in full.    *See* Corey Dec., Ex. L.    Although Microsoft acknowledges that it may comply with the Subpoena if it is provided "with the valid, written consent of the account holder(s)," Microsoft refuses to recognize the Rukavina Consent as lawful.    *See id.*    In December 2015, counsel to PPG sent Microsoft a follow up letter detailing the exception to the ECPA under 18 U.S.C. § 2702(b)(3) and again requested that Microsoft comply with the Subpoena.    From January 2015 through May 2015, counsel to PPG also engaged in multiple telephonic conferences with Microsoft to resolve its objections.    Despite multiple attempts to resolve this issue, however, Microsoft continues refuse to comply with the Subpoena.

Once PPG obtained and reviewed certain materials produced by the FBI pursuant to a subpoena, including the hundreds of emails to and from the Rukavina Email Account that were stored on Mr. Rukavina's digital media devices, PPG filed the instant motion.

## ARGUMENT

The Subpoena seeks discovery related to the scope of Defendants' and Mr. Rukavina's wrongful acquisition and use of PPG's confidential and proprietary technologies.    Specifically, Mr. Rukavina's emails will reveal, among other things: the nature and scope of Mr. Rukavina's wrongful access and retention of PPG's trade secrets; his disclosure of and trafficking in PPG's trade secrets; and the identities of parties to whom Mr. Rukavina may have wrongfully disclosed PPG's trade secrets.    Access to the content of Mr. Rukavina's emails is required for PPG to protect itself from further unlawful disclosure and use of its confidential and proprietary information.    Without it, PPG will continue to suffer irreparable harm.    *See Campbell Soup*

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1   *Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992) ("A threat of disclosure may establish

2   immediate irreparable harm"); *BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d

3   254, 263 (3d Cir. 2000) (noting as irreparable harm "the public perception [arose] that BP was

4   unable to protect its proprietary trade secrets"); *see also Sheridan Broad. Networks, Inc. v. NBN*

5   *Broad., Inc.*, 693 A.2d 989, 995 (Pa. Super. Ct. 1997).

6   **I.      The Rukavina Consent is "lawful consent" under the ECPA**

7            **A.      Microsoft Must Produce the Requested Documents When Presented With a
                 Lawful Consent**

8

9            The ECPA generally prohibits public electronic communication services and remote

10  computing services from "knowingly divulge[ing] to any person or entity the contents of a

11  communication" maintained or stored with that public service provider.   *See* 18 U.S.C.

12  § 2702(a)(1) and (2).   When faced with a properly issued subpoena, however, the service

13  provider cannot unilaterally refuse to comply with the subpoena unless it can prove that "*no*

14  *exception or waiver applies*" to the ECPA.   *See* Fed. R. Civ. P. 45(d)(3)(A)(iii); *see also In re*

15  *Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014); *Babai v. Allstate Ins. Co.*,

16  2015 WL 1880441, at *2 (W.D. Wash. Apr. 24, 2015).   Pursuant to an ECPA exception,

17  Microsoft must produce the requested communications when presented "with the lawful consent

18  of the originator or an addressee or intended recipient of such communication, or the subscriber in

19  the case of remote computing service."   *See* 18 U.S.C. § 2702(b)(3).   By Microsoft's own

20  admission, the ECPA permits it to comply with the Subpoena if provided "with the valid, written

21  consent of the account holder(s)."   *See* Corey Dec., Ex. L, at 2; *see also* 18 U.S.C. § 2702(b)(3).

22  Microsoft simply refuses to recognize the notarized and sworn Rukavina Consent.   Microsoft's

23  refusal is without merit.

24           **B.      The Rukavina Consent is Lawful**

25           Pursuant to the ECPA exception 18 U.S.C. § 2702(b)(3) and any equivalent federal or state

26  statute or regulation, the Rukavina Consent provides consent to the production of any and all

27  materials sought by the Subpoena and waived any and all objections, including privacy and

28

-7-

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1    privilege objections, that could be asserted against Microsoft's compliance with the Subpoena.

2    Accordingly, the Rukavina Consent requires Microsoft to produce the requested communications

3    pursuant to 18 U.S.C. § 2702(b)(3).   *See Thayer v. Chiczewski*, 2009 WL 2957317, at *6 (N.D.

4    Ill. Sept. 11, 2009) ("[T]he SCA permits the disclosure of otherwise protected communications, if

5    the subscriber, or the author or the intended receiver of such communications gives his consent.").

6          Before his death and in his Last Will and Testament, Mr. Rukavina provided that his

7    brother be given "all of my tangible personal property of every kind and description."   *See* Corey

8    Dec., Ex. H, ¶ 3.01.   To ensure that all assets were included and bequeath to his brother,

9    including digital assets, Mr. Rukavina's will also provided that "[a]ll of the rest, residual and

10   remainder of the property that I own at the time of my death, both real and personal, *and of every*

11   *kind and description*, I give outright and absolutely to my brother, Robert A. Rukavina."   *Id.*

12   ¶ 4.01 (emphasis added).   Pursuant to the Last Will and Testament, Mr. Rukavina's brother took

13   both equitable and legal title to Mr. Rukavina's digital assets and emails, and thus was authorized

14   to provide consent to the disclosure of the same pursuant to 18 U.S.C. § 2702(b)(3).   *See Thayer*,

15   2009 WL 2957317, at *6; *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012)

16   (recognized that service providers like Microsoft may accept an executor's consent to disclose the

17   content of communications pursuant to 18 U.S.C. § 2702(b)(3)); *see also, e.g., In re Air Crash*

18   *Near Clarence Ctr., New York, on Feb. 12, 2009*, 2011 WL 6370189, at *6 (W.D.N.Y. Dec. 20,

19   2011) ("The SCA does not apply to the user of the electronic communications service himself, nor

20   does it impose civil or criminal liability when action is taken in good faith pursuant to a court

21   order. […] As the duly authorized personal representative of Yao's estate, Plaintiff has possession,

22   control, and authority over Yao's property.") (citations omitted).

23         Moreover, under Pennsylvania law, the executor and personal representative of

24   Mr. Rukavina's estate takes title to, and has the right and obligation to take possession of,

25   maintain, and administer all of the personal and real property of the decedent.   *See* 20 Pa. Stat.

26   and Cons. Stat. Ann. §§ 301 and 3311.   As such, Mr. Rukavina's executor takes title to and has

27   the right to take possession of, maintain, and administer Mr. Rukavina's electronic

28                                                    -8-

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1  communications as the subscriber, originator, addressee, and/or intended recipient of the

2  communications requested under the Subpoena.  *See id.*   There is no basis to infer that Mr.

3  Rukavina's digital assets are excluded from his "personal estate," particularly in light of the broad

4  and sweeping language of his Last Will and Testament.   Instead the opposite is true.   *See* 20 Pa.

5  Stat. and Cons. Stat. Ann. § 3332 ("Except as otherwise provided in this code, nothing in this code

6  shall be construed to limit the inherent powers and duties of a personal representative."); *see also*

7  Jt. St. Govt. Comm. Comment (1949) ("This section has been added out of an abundance of

8  caution to make it clear that the powers listed in the Act are not all-inclusive."); *In re Mackay's*

9  *Estate*, 25 Pa. D. & C. 544, 546 (Orph. 1936) ("An administrator or executor *steps into the shoes*

10  *of the decedent*.") (emphasis added).

11  **II.     Mr. Rukavina is "the originator or an addressee or intended recipient" of the communications requested by the Subpoena**

12

13          Although omitted from the general objections Microsoft served, Microsoft also refuses to

14  recognize that Mr. Rukavina is the account holder of the Rukavina Email Account.   It is

15  uncontested, however, that Mr. Rukavina is the originator, addressee, and/or intended recipient of

16  communications sent and/or received by the Rukavina Email Account.   PPG's internal

17  investigations, third-party witness testimony, as well as other facts and documents collected

18  through a review of the evidence all corroborate that Mr. Rukavina is the account holder of the

19  Rukavina Email Account.   For example, records from Apple, Inc. identify Mr. Rukavina as the

20  account holder of Apple ID: thomasrukavina187@msn.com, confirm that the Rukavina Email

21  Account is linked and related to Mr. Rukavina's home address and phone numbers, and confirmed

22  that Mr. Rukavina "verified" his dominion over the Rukavina Email Account when he used the

23  account as his "primary" and "shipping" email accounts with Apple, Inc.   *See* Corey Dec., Ex. M.

24  Additionally, PPG also obtained Mr. Rukavina's digital media storage devices that contained

25  emails that were both authored and received by Mr. Rukavina at the Rukavina Email Account.

26  *See* Corey Dec., Exs. C through E.   Some of the recovered emails reference Defendants directly,

27  identify certain PPG technologies, identify plans to sell PPG's confidential and propriety

28

-9-

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1  information to Defendants, identify Mr. Rukavina and Defendants' international travel plans in

2  furtherance of the trafficking in PPG's trade secrets, and/or are sent to or received from email

3  addresses that are attributable to Defendants.   *See id.*   There is no question that Mr. Rukavina is

4  the account holder of the Rukavina Email Account.

5  **III.    Microsoft must comply with the Subpoena**

6      Microsoft claims that the ECPA prohibits it from disclosing email content even when faced

7  with a subpoena, and identifies cases that a civil subpoena, on its own, does not provide an

8  exception to the ECPA's restrictions.   Whether a civil discovery subpoena, standing alone, is an

9  exception to the ECPA is at best unresolved and is not at issue in this case.   *See, e.g., Al Noaimi*

10 *v. Zaid*, 2012 WL 4758048, at *3 (D. Kan. Oct. 5, 2012) ("[T]he court need not resolve the issue

11 of whether a civil discovery subpoena, standing alone, is an exception to ECPA because the Act

12 allows an internet storage provider to produce records with the consent of the subscriber.").

13     Mr. Rukavina's brother, as the owner of Mr. Rukavina's digital assets as well as in the

14 administration of the estate, consented to the production of any and all materials sought by the

15 Subpoena, expressly pursuant to the ECPA exception 18 U.S.C. § 2702(b)(3).   The Rukavina

16 Consent also waived any and all objections, including privacy and privilege objections, that could

17 be asserted against Microsoft's production of the communications requested.   *Id.*   Accordingly,

18 the Rukavina Consent provides the lawful consent required to meet the ECPA exception under 18

19 U.S.C. § 2702(b)(3) in this case, and as such, Microsoft's reliance on the ECPA as a ground to

20 quash or otherwise refuse to comply with the Subpoena should be rejected.   *See Thayer*, 2009

21 WL 2957317, at *6; *see also Negro v. Superior Court*, 230 Cal. App. 4th 879, 904 (2014) ("In

22 sum, we find no sound basis for the proposition that the Act empowers service providers to defy

23 civil subpoenas seeking discovery of materials that are excepted from the Act's prohibitions on

24

25

26

27

28

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1  disclosure."); *see, e.g., In re Ellsworth*, No 2005-296, 651-DE (Mich. Prob. Ct. 2005) (ordering

2  Yahoo! to release emails to decedent's estate).[1]

3  **CONCLUSION**

4  For the reasons set forth above, PPG respectfully requests that this Court grant PPG's

5  motion and enter an order overruling Microsoft's objections and compelling Microsoft to produce

6  all email communications received and/or sent to Mr. Rukavina's email address at

7  thomasrukavina187@msn.com, between January 1, 2012 through the present.

8  DATED: July 14, 2016                                  Respectfully submitted,

9                                                        By _____

10                                                       Jenny Durkan, WSBA #15751
                                                         QUINN EMANUEL URQUHART &
11                                                       SULLIVAN, LLP
                                                         600 University Street, Suite 2800
12                                                       Seattle, WA 98101
                                                         Tel: (206) 905-7000
13                                                       Fax: (206) 905-7100

14                                                       *Counsel for Plaintiff PPG Industries, Inc.*

15

16

17

18

19

_____

20  [1] At bottom, Microsoft (potentially) objects to the Subpoena as overbroad and asserts that the

21  Subpoena must make an effort to limit the scope of the requested materials to, among other
    options, "messages sent during some relevant time period." *See* Corey Dec., Ex. L, at 3.   The

22  Subpoena, however, includes this exact limitation—it only requests communications between
    January 1, 2012 through the present.   January 2012 is a reasonable time period as there is

23  evidence that Defendants and Mr. Rukavina engaged in their conspiracy as early as early 2013.

24  Any further limitation (*e.g.*, by subject matter or recipient) would be unworkable as that
    information is precisely the information that the Subpoena is designed to reveal—*i.e.*, the nature

25  and scope of Mr. Rukavina's wrongful access and retention of PPG's trade secrets; the disclosure

26  of and trafficking in PPG's trade secrets; and the identities of parties to whom Mr. Rukavina may
    have wrongfully disclosed PPG's trade secrets.   Accordingly, any objection on the scope of the

27  Subpoena should also be rejected by this Court.

28

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO        QUINN EMANUEL URQUHART & SULLIVAN LLP
PRODUCE RESPONSIVE DOCUMENTS PURSUANT                      600 University Street, Suite 2800
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA                      Seattle, Washington  98112
(Case No.)                                                      TEL (206) 904-7000

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on July 14, 2016, I caused a true and correct copy of the foregoing

3   Plaintiff's Motion to Compel Microsoft to Produce Responsive Documents Pursuant to Plaintiff's

4   October 21, 2015 Subpoena, and accompanying Proposed Order, to be served on Microsoft

5   Corporation by Federal Express at Brien Jacobsen, Senior Attorney, Microsoft Corporation, One

6   Microsoft Way, Redmond, WA 98052-6399, and caused the same to be personally served on

7   Microsoft Corporation at CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite

8   820, Baltimore, MD 21202.

9

10      DATED this 14th day of July, 2016.

11

12   _____

13   Jenny Durkan, WSBA #15751

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO COMPEL MICROSOFT TO
PRODUCE RESPONSIVE DOCUMENTS PURSUANT
TO PLAINTIFF'S OCTOBER 21, 2015 SUBPOENA
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000