RECEIVED

07/14/2016

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

PPG INDUSTRIES, INC., a Pennsylvania
corporation,

        Plaintiff,

      v.

JIANGSU TIE MAO GLASS CO., LTD.,
a Chinese company; BENHUA WU, an
individual; and MEI ZHANG, an individual,

        Defendants.

Civil Action No. ___16-mc-116-JLR___

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR:
AUGUST 5, 2016**

## PLAINTIFF'S MOTION TO TRANSFER ITS MOTION TO COMPEL AGAINST MICROSOFT TO THE ISSUING COURT

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS.....................................................................................................3

I.  DEFENDANTS AND MR. RUKAVINA WRONGFULLY ACQUIRED AND USED PPG'S CONFIDENTIAL AND PROPRIETARY TECHNOLOGIES....................3

II.  MR. RUKAVINA'S BROTHER, AS THE OWNER OF MR. RUKAVINA'S DIGITAL ASSETS AND AS THE EXECUTOR OF MR. RUKAVINA'S ESTATE, PROVIDED LAWFUL WRITTEN CONSENT TO THE PRODUCTION OF ANY AND ALL MATERIALS SOUGHT BY PPG'S SUBPOENAS, AND WAIVED OF ANY AND ALL OBJECTIONS TO THE PRODUCTION OF THE SAME ..........................................................................5

III.  THE TRIAL COURT REVIEWED PPG'S SUBPOENAS, INCLUDING THE SUBPOENA, WHEN PPG MOVED FOR AN ORDER PERMITTING LIMITED AND EXPEDITED DISCOVERY ...............................................................................6

IV.  THERE ARE MULTIPLE UNRESOLVED SUBPOENA DISPUTES WITH EMAIL PROVIDERS AND CLOUD STORAGE PROVIDERS THROUGHOUT MULTIPLE U.S. DISTRICT COURT JURISDICTIONS REGARDING PPG'S SUBPOENAS.....................................................................................................6

ARGUMENT ........................................................................................................................7

I.  THIS COURT IS AUTHORIZED TO TRANSFER PPG'S MOTION TO COMPEL TO THE TRIAL COURT ....................................................................7

II.  EXCEPTIONAL CIRCUMSTANCES IN THIS CASE WARRANT TRANSFERRING PPG'S MOTION TO COMPEL TO THE TRIAL COURT..................8

A.  Judicial Economy Militates Strongly In Favor Of A Transfer.................................8

B.  The Risk Of Inconsistent Discovery Rulings Is An Exceptional Circumstance That Warrants Transferring PPG's Motion To Compel To The Trial Court.........................................................................................................9

C.  This Court Should Transfer PPG's Motion To Prevent Disrupting The Trial Court's Management Of The Underlying Case...........................................10

III.  ANY BURDEN THAT MICROSOFT MAY ENCOUNTER AS A RESULT OF THE TRANSFER IS OUTWEIGHED BY THE IMPORTANCE OF CONSISTENT MANAGEMENT OF THE UNDERLYING LITIGATION AND JUDICIAL ECONOMY..............................................................................11

CONCLUSION ...................................................................................................................12

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Agincourt Gaming, LLC v. Zynga, Inc.,*
  2014 WL 4079555 (D. Nev. Aug. 15, 2014)..................................................13

*Argento v. Sylvania Lighting Servs. Corp.,*
  2015 WL 4918065 (D. Nev. Aug. 18, 2015)........................................8, 9, 13

*Cont'l Auto. Says., U.S., Inc. v. Omron Auto. Elec., Inc.,*
  2014 WL 2808984 (N.D. Ill. June 20, 2014) ...........................................10

*David Despot v. Microsoft Corp. et al.,*
  Case No. 2:15-cv-01672 (W.D. Pa. 2015) ...............................................13

*F.T.C. v. A± Fin. Ctr., LLC,*
  2013 WL 6388539 (S.D. Ohio Dec. 6, 2013) ...........................................10

*Fed. Home Loan Mortg. Corp. v. Deloitte & Touche LLP,*
  2015 WL 3413540 (D.D.C. May 28, 2015) ...........................................9, 12

*Ford Glob. Techs., LLC v. New World Int'l, Inc.,*
  2015 WL 6507151 (W.D. Wash. Oct. 27, 2015).............................................8

*Google, Inc. v. Digital Citizens All.,*
  2015 WL 4930979 (D.D.C. July 31, 2015)..................................................passim

*In re Subpoena to Kia Motors America, Inc.,*
  2014 WL 2118897 (C.D.Cal. Mar. 6, 2014) ...............................................13

*In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.,*
  113 F. Supp. 3d 286 (D.D.C. 2015) ...................................................8, 9

*Judicial Watch, Inc. v. Valle Del Sol, Inc.,*
  307 F.R.D. 30 (D.D.C. 2014) ...........................................................12, 13

*Microsoft Corp. et al. v. MD of PC Customer Computers, LLC et al.,*
  Case No. 1:07-cv-00007 (W.D. Pa. 2007) ...............................................13

*Microsoft Corp. v. #1 Cyber Depot, LLC,*
  Case No. 2:10-cv-00597 (W.D. Pa. 2010) ...............................................13

*Microsoft Corp. v. A1-PC Computer Shop et al,*
  Case No. 2:13-cv-01125 (W.D. Pa. 2013) ...............................................13

*Microsoft Corp. v. Smart Resale, LLC,*
  Case No. 2:13-cv-01593 (W.D. Pa. 2013) ...............................................13

*Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.,*
  301 F.R.D. 426 (N.D. Cal. 2014) ..................................................9, 10, 14

-ii-

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000

*The Dispatch Printing Co. v. Zuckerman*,
    2016 WL 335753 (S.D. Fla. Jan. 27, 2016) ........................................................ 8, 10, 11, 12

*Valle del Sol, Inc. v. Kobach*,
    2014 WL 3818490 (D. Kan. Aug. 4, 2014) .......................................................... 10

*Wultz v. Bank of China, Ltd.*,
    304 F.R.D. 38 (D.D.C. 2014) .................................................................... passim

<u>Statutes</u>

18 U.S.C. § 1832 ........................................................................................ 1, 5

18 U.S.C. § 2510 ........................................................................................... 2

18 U.S.C. § 2702 .................................................................................... 1, 2, 6, 9

18 U.S.C. § 2711 ........................................................................................... 2

Fed. R. Civ. P. 45 ................................................................................... passim

<u>Other Authorities</u>

Fed. R. Civ. P. 45(f) advisory comm. n. (2013) ................................................... 12

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000

Plaintiff PPG Industries, Inc. ("PPG"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 45(f), respectfully requests that this Court transfer its *Motion to Compel Microsoft to Produce Responsive Documents Pursuant to Plaintiff's October 21, 2015 Subpoena* ("Motion to Compel") from this Court to the U.S. District Court for the Western District of Pennsylvania ("Trial Court"), the court that issued the subpoena. The exceptional circumstances in this case—*e.g.*, judicial economy, the risk of inconsistent rulings, and avoiding disrupting the Trial Court's management of the underlying litigation—warrants that PPG's Motion to Compel be transferred to the Trial Court pursuant to Fed. R. Civ. P. 45(f).

## PRELIMINARY STATEMENT

In May 2015, the United States arrested and charged former PPG employee Thomas Rukavina with theft of trade secrets, pursuant to 18 U.S.C. § 1832, for his purported involvement in the unlawful acquisition and misappropriation of PPG's confidential and proprietary technologies. After his detention hearing later that month, Mr. Rukavina died.

On July 24, 2015, PPG sued Defendants in the Western District of Pennsylvania for, among other things, the unlawful theft, disclosure, and use of PPG's trade secrets by Defendants and Mr. Rukavina. On September 22, 2015, PPG moved for an order from Judge Mark R. Hornak permitting limited and specific pre-answer discovery by serving document subpoenas upon the FBI and 13 other non-parties to ascertain the nature and scope of Mr. Rukavina's wrongful access and retention of PPG's trade secrets, his disclosure of and trafficking in PPG's trade secrets, and the identities of parties to whom Mr. Rukavina may have wrongfully disclosed PPG's trade secrets.

In support of that motion, PPG submitted an affidavit of Mr. Rukavina's brother, owner of Mr. Rukavina's digital assets and executor of Mr. Rukavina's Estate, which provided lawful written consent, pursuant to 18 U.S.C. § 2702(b)(3), to the production of any and all materials sought by the Subpoena, and waived of any and all objections, including privacy and privilege objections, that could be asserted against any non-parties' production of the same. A copy of that consent is attached to this brief. After having an opportunity to review the subpoenas and after

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000

1  conducting a hearing on PPG's motion, on October 19, 2015, the court entered an order granting

2  PPG's motion and permitting PPG to serve the requested subpoenas upon the non-parties,

3  including Microsoft.

4      On October 21, 2015, Plaintiffs served Microsoft a Subpoena to Produce Documents,

5  Information, or Objects ("Subpoena") seeking email communications received and/or sent to

6  Mr. Rukavina's email address at thomasrukavina187@msn.com, between January 1, 2012 through

7  the present.   Microsoft has produced no documents responsive to the Subpoena.   Microsoft

8  objects to the Subpoena, asserting that the Electronic Communications Privacy Act ("ECPA"), 18

9  U.S.C. § 2510 to 2711, prohibits it from voluntarily disclosing the information.   The ECPA

10  generally prohibits the voluntarily disclosure of electronic communications, but the statute has

11  exceptions.   The ECPA permits the production of requested communications "with the lawful

12  consent of the originator or an addressee or intended recipient of such communication, or the

13  subscriber in the case of remote computing service."   *See* 18 U.S.C. § 2702(b)(3).

14      There is no dispute that Mr. Rukavina is the originator, addressee or subscriber of the

15  communications at thomasrukavina187@msn.com.   Microsoft, however, refuses to acknowledge

16  that the attached consent is lawful, and after multiple unsuccessful attempts to resolve this issue

17  through conference, on July 14, 2016, PPG filed its Motion to Compel with this Court.

18      In addition to Microsoft, PPG has served document subpoenas on three additional email

19  providers and three cloud storage providers situated throughout multiple U.S. District Court

20  jurisdictions.   Like the Subpoena, all of these subpoenas seek the production of digital content

21  related to at least 13 accounts attributable to Mr. Rukavina.   These document subpoenas also

22  remain unresolved, however, with each email and cloud storage provider objecting to the

23  subpoenas on ECPA ground and refusing to recognize the Rukavina Consent.   Accordingly,

24  analogous motions to compel are forthcoming in those U.S. District Courts where compliance with

25  those subpoenas are required, along with a corresponding motion to transfer the dispute to the

26  Trial Court.

27

28

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

Although motions to enforce compliance with subpoenas must initially be addressed to the court where compliance is required, *i.e.*, this Court, the exceptional circumstances in this case—*e.g.*, judicial economy, the risk of inconsistent rulings, and avoiding disrupting the Trial Court's management of the underlying litigation—warrants that PPG's Motion to Compel be transferred to the Trial Court pursuant to Federal Rule of Civil Procedure 45(f).

## STATEMENT OF FACTS

**I.     DEFENDANTS AND MR. RUKAVINA WRONGFULLY ACQUIRED AND USED PPG'S CONFIDENTIAL AND PROPRIETARY TECHNOLOGIES**

PPG Industries, Inc. ("PPG") is a Pittsburgh-based company that supplies coatings, specialty materials, glass and fiberglass products to customers throughout the world.   *See* Dkt. 1 at 2.   One of PPG's lines of business develops, manufactures and sells bullet-resistant transparent armor used for automotive and locomotive windshields, windscreens, and civil and military aviation applications.   *See id.* at 2-3.   Defendant Jiangsu Tie Mao Glass Co., Ltd. ("Tie Mao Glass")—a China-based manufacturer of bulletproof and transparent armor used for automotive and locomotive windshields, windscreens, sea vessels and military—is a competitor of PPG.   *Id.* 3.

Beginning as early as 2013, Tie Mao Glass, Tie Mao Glass Chairman and CEO Benhua Wu, and Tie Mao Glass Engineer and Purchasing Agent Mei Zhang (collectively "Defendants"), along with former PPG employee Thomas Rukavina conspired and agreed to engage in a scheme to wrongfully obtain and exploit PPG's confidential and proprietary information, and to use PPG's research and development technologies and trade secrets to manufacture products in China that compete directly with PPG products throughout the world.   *See* Dkt. 1 at 3.   In early 2013, Mr. Rukavina and former PPG employee Yabei Gu traveled to China and met with Tie Mao Glass Chairman and CEO Mr. Wu to discuss the sale and trafficking of PPG technologies to Defendants. *See id.*   In May 2014, Mr. Wu traveled from China to Detroit, Michigan and met with Mr. Rukavina to further their conspiracy.   *See id.*

-3-

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000

1       Defendants and Mr. Rukavina regularly used email to facilitate their unlawful activity.
2  For example, on or around June 19, 2014, Mr. Rukavina sent Defendants by email a PPG
3  proprietary report that detailed the process to manufacture windows to be used in certain aircrafts.
4  *See* Dkt. 1 at 3.   To PPG's knowledge, no other company in the industry has the technology
5  outlined in the proprietary report Mr. Rukavina sent to Defendants.   *Id.*   On June 21, 2014, Mr.
6  Rukavina sent another email to Defendants summarizing "everything [he] can deliver to [Tie Mao
7  Glass]," including some technologies that were outside Mr. Rukavina's expertise and beyond his
8  former access authority at PPG.   *Id.* at 3-4.

9       In February 2015, PPG learned that Defendants and Mr. Rukavina sent an email to a PPG
10 sub-contractor.   *See* Dkt. 1 at 4.   Their emails used PPG's proprietary drawings to solicit the
11 sub-contractor to manufacture "the same molds" that were used for PPG projects that developed
12 high speed transportation windows.   *Id.*   Rather than fulfilling the order, the sub-contractor
13 notified PPG, and PPG alerted the FBI of a potential theft of its confidential and proprietary
14 information.   *Id.*

15      Subsequently, the FBI obtained and executed a search warrant at Mr. Rukavina's home.
16 *See* Dkt. 1 at 4.   The search yielded, among other things, additional emails detailing Defendants'
17 and Mr. Rukavina's use and misappropriation of PPG's trade secrets, and hard-copy documents
18 comprised of PPG's confidential and proprietary information including, among other things:
19 descriptions and development plans for new products; project progress reports; experiment
20 descriptions and results; and product qualification test results.   *See id*.

21      The FBI also seized Mr. Rukavina's digital media storage devices from his residence.
22 *See* Dkt. 1 at 4.   Among other things, including digital copies of PPG's confidential and
23 proprietary information, the media storage deceives also contained emails that were both authored
24 and received by Mr. Rukavina at his email account, thomasrukavina187@msn.com.   *See id*.
25 Some of the messages expressly detailed Mr. Rukavina's plans to sell "10 years of [PPG's] R&D"
26 to Defendants, particularly in response to Defendants' representation that they "buy[] international
27 technology to shorten time to manufacturing."   *See id*.   Other messages identified the dates of
28

-4-

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1  Mr. Rukavina's international travel plans to and from Defendants' facilities in China, as well as

2  Defendants' travel plans from China to the United States.   *See id.* at 4-5.

3      On May 8, 2015, the United States arrested and charged Mr. Rukavina with criminal theft

4  of trade secrets pursuant to 18 U.S.C. § 1832.   *See* Dkt. 1 at 5.   After Mr. Rukavina's detention

5  hearing on May 26, 2015, he was released from custody on bond and placed under house arrest.

6  *Id.*   Mr. Rukavina committed suicide and died on or about June 5, 2015.   *Id.*

7  **II.    MR. RUKAVINA'S BROTHER, AS THE OWNER OF MR. RUKAVINA'S
        DIGITAL ASSETS AND AS THE EXECUTOR OF MR. RUKAVINA'S ESTATE,**
8      **PROVIDED LAWFUL WRITTEN CONSENT TO THE PRODUCTION OF ANY
        AND ALL MATERIALS SOUGHT BY PPG'S SUBPOENAS, AND WAIVED OF**
9      **ANY AND ALL OBJECTIONS TO THE PRODUCTION OF THE SAME**

10      On July 24, 2015, PPG initiated this lawsuit against Defendants.   *See* Dkt. 1 at 5.   Rather

11  than subjecting Mr. Rukavina's estate to the emotional and monetary costs of being a party to this

12  lawsuit, PPG released Mr. Rukavina's estate in exchange for the execution of a consent and

13  waiver ("Rukavina Consent").   *See id.*   The Rukavina Consent, in the form of an affidavit,

14  included lawful consent to the production of any and all materials sought by the Subpoena.   The

15  Rukavina Consent also waived, pursuant to the ECPA exception 18 U.S.C. § 2702(b)(3) and any

16  equivalent federal or state statute or regulation, any and all objections, including privacy and

17  privilege objections, that could be asserted against Microsoft's production of the communications

18  requested.   *Id.*

19      Mr. Rukavina's brother, Robert Rukavina, is the owner of Mr. Rukavina's digital assets

20  and executor of Mr. Rukavina's Estate.   Accordingly, Robert Rukavina was authorized to enter

21  into this consent.   Indeed, before his death and in his Last Will and Testament, Mr. Rukavina

22  provided that his brother be given "all of my tangible personal property of every kind and

23  description."   *See* Dkt. 1 at 5-6.   To ensure that all assets were included and bequeathed to his

24  brother, including digital assets, Mr. Rukavina also provided that "[a]ll of the rest, residual and

25  remainder of the property that I own at the time of my death, both real and personal, *and of every*

26  *kind and description*, I give outright and absolutely to my brother, Robert A. Rukavina."   *Id.*

27

28

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

### III. THE TRIAL COURT REVIEWED PPG'S SUBPOENAS, INCLUDING THE SUBPOENA, WHEN PPG MOVED FOR AN ORDER PERMITTING LIMITED AND EXPEDITED DISCOVERY

On September 22, 2015, PPG moved Judge Hornak for an order permitting it to conduct limited and specific pre-answer discovery by serving document subpoenas upon the FBI, Microsoft, and 13 other non-parties—*i.e.*, Mr. Rukavina's other email and cloud storage providers, banks, and other companies and persons with whom Mr. Rukavina worked after he left PPG. *See* Dkt. 1 at 6. The subpoenas are meant to ascertain, among other things: the nature and scope of Mr. Rukavina's wrongful access and retention of PPG's trade secrets; his disclosure of and trafficking in PPG's trade secrets; and the identities of parties to whom Mr. Rukavina may have wrongfully disclosed PPG's trade secrets. *Id.* With its motion, PPG filed a copy of all of the proposed subpoenas (including the Subpoena) and the Rukavina Consent. *Id.* On October 19, 2015, after a hearing on PPG's motion, the Court entered an order granting PPG's motion and permitting PPG to serve the requested subpoenas. *Id.*

### IV. THERE ARE MULTIPLE UNRESOLVED SUBPOENA DISPUTES WITH EMAIL PROVIDERS AND CLOUD STORAGE PROVIDERS THROUGHOUT MULTIPLE U.S. DISTRICT COURT JURISDICTIONS REGARDING PPG'S SUBPOENAS

Microsoft was served with the Subpoena and the Rukavina Consent on October 21, 2015. *See* Dkt. 1 at 6. Rather than producing any responsive documents pursuant to the Subpoena, however, Microsoft asserted its boilerplate objections to the Subpoena claiming that the ECPA prohibits it from complying with the Subpoena in full. *See id.* at 7. Although Microsoft acknowledges that it may comply with the Subpoena if it is provided "with the valid, written consent of the account holder(s)," Microsoft refuses to recognize the Rukavina Consent as lawful. *See id.* After multiple unsuccessful attempts to resolve this issue through conference, on July 14, 2016, PPG filed its Motion to Compel with this Court.

In addition to Microsoft, PPG also served document subpoenas on Mr. Rukavina's other email and cloud storage providers situated throughout multiple U.S. District Court jurisdictions— *i.e.,* Yahoo! Inc.; Google, Inc.; Comcast Corp.; Apple, Inc.; Dropbox, Inc. and Amazon.com, Inc.

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION TO COMPEL AGAINST MICROSOFT TO THE ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1  These subpoenas seek emails and digital content from at least 13 accounts attributable to Mr.

2  Rukavina.  Like Microsoft, those email and cloud storage providers also assert boilerplate

3  objections to the subpoenas on ECPA ground and refuse to recognize the Rukavina Consent.

4  Accordingly, PPG has filed or will file analogous motions to compel in those U.S. District Courts

5  where compliance with those subpoenas are required, along with a corresponding motion to

6  transfer the dispute to the Trial Court.

7                                    **ARGUMENT**

8  **I.    THIS COURT IS AUTHORIZED TO TRANSFER PPG'S MOTION TO COMPEL
       TO THE TRIAL COURT**

9

10          Rule 45(f) authorizes this Court to transfer PPG's Motion to Compel to the Trial Court

11  upon showing that "exceptional circumstances" warrant the transfer.  *See* Fed. R. Civ. P. 45(f);

12  *Ford Glob. Techs., LLC v. New World Int'l, Inc.*, 2015 WL 6507151, at *2-3 (W.D. Wash. Oct. 27,

13  2015).   Exceptional circumstances justify transferring PPG's Motion to Compel to the Trial

14  Court.   The transfer would promote judicial economy because the Trial Court has "already

15  reviewed the subpoena now in dispute" (*see Argento v. Sylvania Lighting Servs. Corp.*, 2015 WL

16  4918065, at *5 (D. Nev. Aug. 18, 2015)); the Trial Court is in a better position to rule on the

17  motion (*see In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 287-88

18  (D.D.C. 2015); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 47 (D.D.C. 2014)); the issues

19  presented by PPG's Motion to Compel will "arise in discovery in many districts" and the risk of

20  inconsistent discovery rulings is an exceptional circumstance that warrant a transfer (*see The

21  Dispatch Printing Co. v. Zuckerman*, 2016 WL 335753, at *3 (S.D. Fla. Jan. 27, 2016)); and a

22  ruling from this Court may disrupt the Trial Court's management of the underlying case (*see

23  Google, Inc. v. Digital Citizens All.*, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015)).   Any

24  burden that Microsoft may encounter as a result of the transfer, on the other hand, "is outweighed

25  by the importance of consistent management of the underlying litigation and judicial economy."

26  *See, e.g., Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 430 (N.D. Cal.

27  2014).

28
                                    -7-

## II. EXCEPTIONAL CIRCUMSTANCES IN THIS CASE WARRANT TRANSFERRING PPG'S MOTION TO COMPEL TO THE TRIAL COURT

### A. Judicial Economy Militates Strongly In Favor Of A Transfer

Judicial economy militates strongly in favor of a transfer when "[t]he issuing court has already reviewed the subpoena now in dispute" and has "already outlined the contours of the scope of relevant information sought in the subpoena." *See Argento*, 2015 WL 4918065, *5. The Trial Court reviewed the Subpoena when PPG sought an order permitting it to conduct limited and specific expedited discovery. PPG attached the Subpoena to its motion, along with the Rukavina Consent. PPG explained the purpose of the Subpoena and the information that the Subpoena would seek from Microsoft. After the Trial Court held a hearing on PPG's motion, it issued an order permitting PPG to serve the Subpoena on Microsoft. Exceptional circumstances support a transfer here because, having already reviewed the Subpoena and conducting a hearing regarding the same, Judge Hornak is "in a better position to rule on the ... motion ... due to [his] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *See In re UBS*, 113 F. Supp. 3d at 287-88 *citing Wultz*, 304 F.R.D. at 47; *see also Moon Mountain*, 301 F.R.D. at 429-30.

Judge Hornak is also better positioned to determine whether the Rukavina Consent satisfies the ECPA exception under 18 U.S.C. § 2702(b) or otherwise. *See Fed. Home Loan Mortg. Corp. v. Deloitte & Touche LLP*, 2015 WL 3413540, at *3 (D.D.C. May 28, 2015) (finding transfer proper when a case demands a "nuanced legal analysis based on a full understanding of the [u]nderlying [a]ction," not "a mere relevancy determination"); *see also, e.g., Valle del Sol, Inc. v. Kobach*, 2014 WL 3818490, at *4 (D. Kan. Aug. 4, 2014) (granting a motion to transfer where the issuing court "is in a better position to rule on this motion due to its familiarity with the issues involved"). The primary witness to the consent, Mr. Rukavina's brother and executor of the estate, lives within the Trial Court's jurisdiction, but beyond the subpoena power of this Court. To the extent testimony from witnesses is required to resolve this issue, the Trial Court is better positioned to rule on the motion because it may, among other things, compel the witness's

-8-

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION TO COMPEL AGAINST MICROSOFT TO THE ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000

testimony and/or make accommodations through its inherent authority in managing the underlying litigation.  *See id.*

**B.**   **The Risk Of Inconsistent Discovery Rulings Is An Exceptional Circumstance That Warrants Transferring PPG's Motion To Compel To The Trial Court**

Transfer under Rule 45(f) "is appropriate where 'the same issues are likely to arise in discovery in many districts' creating a risk of inconsistent results."  *Google*, 2015 WL 4930979, \*3, *citing* Fed. R. Civ. P. 45(f) advisory comm. n. (2013); *see also Wultz*, 304 F.R.D. at 46 (same); *Zuckerman*, 2016 WL 335753, at \*3 (same).   Multiple courts have found exceptional circumstances justify transfer when "a similar motion to compel was pending" that "dealt with a subpoena directed at a different party but sought similar items."  *See Moon Mountain*, 301 F.R.D. at 429 *citing F.T.C. v. A± Fin. Ctr., LLC*, 2013 WL 6388539, at \*1–3 (S.D. Ohio Dec. 6, 2013); *see also, e.g., Cont'l Auto. Says., U.S., Inc. v. Omron Auto. Elec., Inc.*, 2014 WL 2808984, at \*2 (N.D. Ill. June 20, 2014) (transferring motion because ruling on it risked inconsistent rulings); *Wultz*, 304 F.R.D. at 46 (transferring motion because the "potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of these disputes").

In addition to Microsoft, the Trial Court allowed PPG to served document subpoenas on Mr. Rukavina's other email and cloud storage providers—*i.e.,* Yahoo! Inc. (N.D. Ca.); Google, Inc. (N.D. Ca.); Comcast Corp. (D.D.C.); Apple, Inc. (D. Md.); and Dropbox, Inc. (N.D. Ca.)— which are situated throughout multiple U.S. District Court jurisdictions.   These document subpoenas seek emails and digital content from at least 13 accounts attributable to Mr. Rukavina. Rather than complying with the subpoenas, however, each of these email and cloud storage providers asserted boilerplate objections the subpoenas on ECPA ground and refuse to recognize the Rukavina Consent.   PPG is filing or will file other motions to compel and concurrent motions to transfer based on these disputes.

Transfer is warranted in this case, then, because the objections to PPG's subpoenas on ECPA ground and the refusal to recognize the Rukavina Consent is "likely to arise in discovery in many districts;" and thus "there is a demonstrable risk of inconsistent discovery rulings, which the

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

1   Advisory Committee Notes expressly recognize as an exceptional circumstance." *See*

2   *Zuckerman*, 2016 WL 335753 *3 *citing* Fed. R. Civ. P. 45(f) advisory comm. n. (2013); *see also*

3   *Wultz*, 304 F.R.D. at 46 (granting motion to transfer because the "potential for inconsistent rulings

4   should be avoided"). Moreover, because multiple U.S. District Courts will face analogous

5   motions to compel as PPG's motion in this case, Judge Hornak, "as the judge presiding over the

6   underlying case, *should have the first say on the matter*, and [his] guidance will hopefully promote

7   consistency." *See Wultz*, 304 F.R.D. at 46, n.6 (emphasis added).

8       **C.    This Court Should Transfer PPG's Motion To Prevent Disrupting The Trial
            Court's Management Of The Underlying Case**

9

10      Exceptional circumstances also exist if a ruling from this Court could disrupt the Trial

11  Court's management of the underlying case. *See Google*, 2015 WL 4930979, *3. Here, a

12  transfer is warranted because the Trial Court may have unique insight regarding how PPG's

13  Motion to Compel should be resolved in light of case-specific issues presented in the underlying

14  litigation—*e.g.*, PPG's risk of irreparable harm as detailed in its motion to conduct limited and

15  expedited discovery; whether the court can issue an order permitting PPG to recover the

16  information from an alternative source within the Trial Court's jurisdiction, such as the FBI;

17  and/or any other alternative relief/resolution that the Trial Court may uniquely provide. *See id.*

18  ("While the Respondents argue that transfer is not warranted because the Mississippi Court has

19  not yet ruled on the exact contentions at issue in the motions to compel, 'nothing in the Advisory

20  Committee Note, or subsequent case law, precludes this Court from relying on other aspects of

21  case management, such as [] case-specific issues, to transfer a subpoena-related motion.'") (citing

22  *Fed. Home Loan*, 2015 WL 3413540, at *3). Accordingly, this Court should transfer PPG's

23  motion to the Trial Court to ensure that any ruling from this Court neither disrupts Judge Hornak's

24  management of the underlying case nor any other motions to compel that PPG intends to file

25  against the remaining email and cloud storage service providers who refuse to comply with PPG's

26  subpoenas. *See Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)

27

28

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington  98112
TEL (206) 904-7000

("[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation.") (citing Fed. R. Civ. P. 45(f) advisory comm. n. (2013)).

**III. ANY BURDEN THAT MICROSOFT MAY ENCOUNTER AS A RESULT OF THE TRANSFER IS OUTWEIGHED BY THE IMPORTANCE OF CONSISTENT MANAGEMENT OF THE UNDERLYING LITIGATION AND JUDICIAL ECONOMY**

Although courts recognize that a "prime concern" of Rule 45 is to "avoid burdens on local nonparties subject to subpoenas," the "interest of the nonparty in obtaining local resolution of the motion must be balanced with the interests in ensuring the efficient, fair, and orderly progress of ongoing litigation before the issuing court." *Zuckerman*, 2016 WL 335753, *3 *citing Judicial Watch*, 307 F.R.D. at 34 (internal quotations omitted). In this case, the exceptional circumstances detailed above outweigh any burden Microsoft might encounter if and once this Court transfers PPG's Motion to Compel to the Trial Court.

As an initial matter, "courts are less inclined to find a significant burden on the subpoenaed nonparty when it is a large corporation." *Argento*, 2015 WL 4918065, *7; *see also, e.g., Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *8 (D. Nev. Aug. 15, 2014) ("[C]ourts have indicated that concerns regarding the burdens of transfer are lessened when the disputed subpoena is directed to a large corporation, rather than an individual person."); *In re Subpoena to Kia Motors America, Inc.*, 2014 WL 2118897, *1 (C.D.Cal. Mar. 6, 2014) (same). Indeed, Microsoft's interest in requiring that PPG's motion be resolved locally is "significantly reduced" given Microsoft's "national reach and familiarity with litigation in courts outside this jurisdiction." *See Judicial Watch*, 2014 WL 4954368, at *4; *see also Google*, 2015 WL 4930979, *4.

Microsoft's national reach and familiarity with litigating in courts outside of this Court's jurisdiction specifically includes the Trial Court's judicial district. Microsoft has repeatedly availed itself to the jurisdiction of the U.S. District Court for the Western District of Pennsylvania by initiating multiple actions there. *See, e.g., Microsoft Corp. v. A1-PC Computer Shop et al*, Case No. 2:13-cv-01125 (W.D. Pa. 2013); *Microsoft Corp. v. Smart Resale, LLC,* Case No. 2:13-

-11-

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000

1  cv-01593 (W.D. Pa. 2013); *Microsoft Corp. v. #1 Cyber Depot, LLC*, Case No. 2:10-cv-00597

2  (W.D. Pa. 2010); *Microsoft Corp. et al. v. MD of PC Customer Computers, LLC et al.*, Case No.

3  1:07-cv-00007 (W.D. Pa. 2007).   Moreover, Microsoft has defended itself against lawsuits filed

4  in the Trial Court's district. *See, e.g., David Despot v. Microsoft Corp. et al.*, Case No. 2:15-cv-

5  01672 (W.D. Pa. 2015).   Microsoft also maintains an office in the Western District of

6  Pennsylvania at 30 Isabella St., Second Floor, Pittsburgh, PA 15121.

7         Any appeal to cost is likewise unavailing for Microsoft: "[T]he cost of litigation alone does

8  not amount to an unfair prejudice."   *See Moon Mountain*, 301 F.R.D. at 430 *citing Wultz*, 2014

9  WL 2257296, *6.   For one thing, "the encouragement of utilizing telecommunications as an

10  alternative to travel is adequate to avoid undue burden on the nonparties in this context."   *See*

11  *Google*, 2015 WL 4930979, *4.   Additionally, "transferring a motion to the jurisdiction where

12  the underlying litigation is pending requires few, if any, modifications of the written submissions,

13  [and thus] does not rise to the level of unfair prejudice" either.   *See id. citing Wultz,* 304 F.R.D. at

14  45.   Any burden that Microsoft *might* encounter as a result of the transfer, therefore, "is

15  outweighed by the importance of consistent management of the underlying litigation and judicial

16  economy."   *See, e.g., Moon Mountain*, 301 F.R.D. 426 at 430.

17                                    **CONCLUSION**

18         For the reasons set forth above, PPG respectfully requests that this Court grant PPG's

19  motion and transfer PPG's Motion to Compel to the Trial Court for resolution.

20  DATED: July 14, 2016                    Respectfully submitted,

21                                    By _____

22                                       Jenny Durkan, WSBA #15751
                                         QUINN EMANUEL URQUHART &
23                                       SULLIVAN, LLP
                                         600 University Street, Suite 2800
24                                       Seattle, WA 98101
                                         Tel: (206) 905-7000
25                                       Fax: (206) 905-7100

26
                                         *Counsel for Plaintiff PPG Industries, Inc.*
27

28                                         -12-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 14, 2016, I caused a true and correct copy of the foregoing Plaintiff's Motion to Transfer its Motion to Compel Against Microsoft to the Issuing Court, and accompanying Proposed Order, to be served on Microsoft Corporation by Federal Express at Brien Jacobsen, Senior Attorney, Microsoft Corporation, One Microsoft Way, Redmond, WA 98052-6399, and caused the same to be personally served on Microsoft Corporation at CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

DATED this 14th day of July, 2016.

_____
Jenny Durkan, WSBA #15751

PLAINTIFF'S MOTION TO TRANSFER ITS MOTION
TO COMPEL AGAINST MICROSOFT TO THE
ISSUING COURT
(Case No.)

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 University Street, Suite 2800
Seattle, Washington 98112
TEL (206) 904-7000